IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                   Case Nos.:        4:17cr48/MW/CAS
                                                        4:19cv398/MW/CAS

TRAVIS L. GLASCO,
        Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Travis L. Glasco's
Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255
and supporting memorandum of law.   (ECF Nos. 334, 335.)   The
Government responded in opposition and Defendant filed a reply.   (ECF
Nos. 355, 359.)   The case was referred to the undersigned for the
issuance of all preliminary orders and any recommendations to the district
court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also*
28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After review of the record,
the court recommends that the § 2255 motion be denied without an
evidentiary hearing.   *See* Rules Governing Section 2255 Cases 8(a) and
(b).

## I.    BACKGROUND

On October 17, 2017, a grand jury charged defendant Travis Glasco in a second superseding indictment with conspiracy to possess alpha-Pyrrolidinopentiophenone ("Alpha-PVP") with intent to distribute (Count One); possession of Alpha-PVP with intent to distribute (Count Two); possession of Alpha-PVP, cocaine, and methamphetamine with intent to distribute (Count Three); possession of a firearm in furtherance of a drug trafficking crime (Count Four); and possession of a firearm by a convicted felon (Count Five).   (ECF No. 52)

Represented by appointed counsel Gary Printy, Glasco pleaded guilty as charged on December 16, 2017.   (ECF Nos. 120-122; ECF No. 353.) The plea agreement provided that Glasco faced up to 20 years imprisonment on Counts One through Three, a five-year consecutive minimum mandatory on Count Four, and a fifteen year minimum mandatory on Count Five.   (ECF No. 120.)

The Final Presentence Investigation Report calculated Glasco's total offense level as 31 and his criminal history category as IV.   (ECF No. 232.) Glasco was an armed career criminal due to prior Florida convictions for: Possession of Cocaine With Intent to Sell on July 19, 1989; Aggravated

Assault With a Deadly Weapon on March 11, 1991; and Sale of Cocaine on
April 16, 2007. (ECF No. 232, PSR, ¶ 56.)   Glasco's criminal history
category increased from III to IV due to his ACCA status, and the possible
penalty on Count Five increased from up to ten years to a mandatory
minimum of fifteen years up to a maximum of life.   The ACCA
enhancement did not change his total offense level, which was higher when
calculated pursuant to Chapter Two than pursuant to Chapter Four.   *See*
U.S.S.G. § 4B1.4(b).   Glasco's advisory guidelines range was 151 to 188
months as to Counts One, Two, and Three and 180 to 188 months as to
Count Five, followed by a sixty-month statutory mandatory consecutive
term on Count Four.

   The district court sentenced Glasco to concurrent terms of 90 months'
imprisonment on Counts One, Two, Three and Five, followed by a 30-
month consecutive term on Count Four.   (ECF Nos. 243, 253, 254, 327,
354.)   The original judgment was entered on May 10, 2018.   Glasco did
not appeal.   The amended judgment, entered on March 25, 2019, added a
forfeiture provision.   Glasco filed the instant motion pursuant to the prison

mailbox rule on August 14, 2019.[1]    He claims his attorney was

constitutionally ineffective for not filing "substantive objections" to the PSR

and for not arguing for mitigation of punishment.    The Government

opposes the motion.

## II.    ANALYSIS

A. General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in

conviction and sentencing."    *Spencer v. United States*, 773 F. 3d 1132,

1138 (11th Cir. 2014).    Collateral review is not a substitute for direct

appeal, and therefore the grounds for collateral attack on final judgments

pursuant to section 2255 are extremely limited.    A prisoner is entitled to

relief under section 2255 if the court imposed a sentence that (1) violated

the Constitution or laws of the United States, (2) exceeded its jurisdiction,

(3) exceeded the maximum authorized by law, or (4) is otherwise subject to

collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657

F.3d 1190, 1194 n.8 (11th Cir. 2011).

---

[1] The Government does not challenge the timeliness of the motion.

Case Nos.: 4:17cr48/MW/CAS; 4:19cv398/MW/CAS

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at

Case Nos.: 4:17cr48/MW/CAS; 4:19cv398/MW/CAS

688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Strickland*, 466 U.S. at 689; *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct).

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).

A defendant must provide factual support for his contentions regarding counsel's performance.   *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d

1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue

is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of*

*Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve

meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v.*

*United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not

ineffective for failing to make a meritless objection to an obstruction

enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002)

(counsel was not ineffective for failing to raise issues clearly lacking in

merit).   The test is not what the best lawyers would have done, or even

what most good lawyers would have done, but rather whether some

reasonable lawyer could have acted in the circumstances as defense

counsel acted.   *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099

(11th Cir. 2007).

An evidentiary hearing is unnecessary when "the motion and files and

records conclusively show that the prisoner is entitled to no relief."   *See* 28

U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir.

2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).

Not every claim of ineffective assistance of counsel warrants an evidentiary

hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d

707, 708 (11th Cir. 1984)).   A hearing is not required on frivolous claims,

conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record.   *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014).

   B. Glasco's Claim for Relief

      1. ACCA enhancement

   Glasco's first ground for relief, that counsel failed to file substantive

objections to the PSR, relates to his designation as an Armed Career

Criminal.   Glasco claims that his attorney was negligent because counsel

did not confirm that Glasco's prior drug convictions were proper ACCA

enhancements.

   Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who

has three previous convictions for a violent felony, a serious drug offense,

or both is subject to a mandatory minimum fifteen-year sentence.   18

U.S.C. § 924(e)(1).   A "serious drug offense" is defined, in relevant part, as

"an offense under State law, involving manufacturing, distributing, or

possessing with intent to manufacture or distribute, a controlled substance

... for which a maximum term of imprisonment of ten years or more is

prescribed by law."   Glasco now contends that his two prior Florida felony

Case Nos.: 4:17cr48/MW/CAS; 4:19cv398/MW/CAS

drug convictions were not proper ACCA predicates because he did not receive custodial sentences, but rather was sentenced to two years of probation and two years of community control, respectively.

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine as a second-degree felony.   *See* Fla. Stat. §§ 893.03(2)(a), 893.13(1)(a)(1).   Second-degree felonies are punishable by up to 15-years imprisonment.   *Id.* § 775.082(3)(d).   The ACCA does not speak to the *actual* sentence, but rather the *possible* sentence.   The Eleventh Circuit has squarely held that violations of § 893.13, Florida Statutes, qualify as serious drug offenses under the ACCA.   *See United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014); *United States v. Martin*, 719 F. App'x 881 (11th Cir. 2017); *Jones v. United States*, 650 F. App'x 974 (11th Cir. 2016).

There was no factual or legal basis to make the objection Glasco claims counsel should have made, and counsel was not constitutionally ineffective.   *Denson*, 804 F.3d at 1342 (citing *Freeman*, 536 F.3d at 1233).

2. Mitigation of Punishment

Glasco next contends counsel was constitutionally ineffective because he did not argue for "mitigation of punishment."   Glasco's

recollection of what transpired is mistaken.    Counsel did not "[stand] mute

like a potted plant."    (ECF No. 335 at 16.)    He submitted a sentencing

memorandum (ECF No. 240), letters from Glasco's mother and sister (ECF

No. 354 at 10-12), and he spoke in his client's behalf at sentencing (*id.* at

14-18).    The court considered all the aggravating and mitigating factors in

fashioning a sentence well below both the applicable guidelines range and

the statutory mandatory minimum sentences.    (*Id.* at 22.)    The court was

clearly moved by something it heard because it noted that, before the

proceedings, it had been prepared to impose a longer sentence.    (*Id.* at

23-24.)    The court also specifically stated that "any sentence less than ten

years would be insufficient."    (*Id.* at 23.)    Glasco has not suggested what

else counsel could or should have done in his behalf, and he has not met

his burden of establishing that counsel performed deficiently.

In the final paragraph of his memorandum, Glasco claims, without

any factual support "due to Printy's failure to investigate, he was not able to

properly dismiss to (sic) the gun charge, which caused Glasco prejudice

from receiving a harsh sentence and prevented Glasco from getting a year

off of his sentence because the said § 924(c) charge is considered violent."

To the extent this can be considered an independent claim for relief, it does

not afford Glasco any relief.   In addition to being factually unsupported, as the court informed Glasco during the plea colloquy, once Glasco pleaded guilty he waived his right to challenge his guilt as to the charges.   (ECF No. 353 at 15-16.)

## III.    CONCLUSION

An evidentiary hearing is not necessary to resolve Glasco's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877.   For the foregoing reasons, the court finds that Glasco's motion should be denied in its entirety.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

Case Nos.: 4:17cr48/MW/CAS; 4:19cv398/MW/CAS

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (ECF No. 334) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 24th day of March, 2020.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 4:17cr48/MW/CAS; 4:19cv398/MW/CAS

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.